FILED

AUG 2 5 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**Plaintiff** Lowell Green # 00518622

SA23CA1080OG

**V.**   Case No. _____

**Defendant** Judge Alan D. Albright, et al.

_____

please see attached complaint

*(handwritten, top)* 23-50493 SEh Curt Green v. Alan D. Albright (Fed __ et al Judge) Waco Division  5:23-cv-507 (June 15, 2023)

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

LOWELL Q. GREEN, TDCJ #00518622 §
§
Plaintiff, §
§ SA-23-CV-0817-FB
v. *Fred Biery (Contempt) 18USC § 401(TIT 2012)* §
§ 5:23-cv-114 Jason
JUDGE ALAN D. ALBRIGHT, ET AL., §
K. Pulliam ) Defendants. *Judges violating the laws.* §

## FINAL JUDGMENT

Before the Court is the above–entitled cause. Upon review of the entire case file and this Court's Order of Dismissal denying Plaintiff Lowell Q. Green's presumed request to proceed *in forma pauperis*, dismissing his 42 U.S.C. § 1983 Civil Rights Complaint pursuant to the three–strikes dismissal rule of 28 U.S.C. § 1915(g), and to the extent he seeks relief pursuant to 28 U.S.C. § 2254, denying his application for want of jurisdiction, the Court renders the following Final Judgment pursuant to Federal Rule of Civil Procedure 58.

IT IS HEREBY ORDERED that Plaintiff Lowell Q. Green's presumed request to proceed IFP is **DENIED** and his 42 U.S.C. § 1983 Civil Rights Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strikes dismissal rule of 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that to the extent Plaintiff Lowell Q. Green seeks relief pursuant to 28 U.S.C. § 2254, his application is **DISMISSED FOR WANT OF JURISDICTION** because he has not obtained prior approval to file a successive habeas corpus application.

IT IS FINALLY ORDERED that the above–entitled cause is hereby **CLOSED.**

SIGNED this 7th day of July, 2023.

FRED BIERY
UNITED STATES DISTRICT JUDGE

*(handwritten, bottom)* 19-50037 Green v. Waco Police Officer  Page 1. See other side

John Finch. March 24, 2012 Arresting Agency
(10) Cause no. 121475CR1 Evading Arrest
Detention, Booking. Tex. Penal Code Ann.
§ ~~XXXXXXXX~~ § Sec 38.04,
(11) Complainant (Chad Traywick Skinny's
Convenience Store, Tex. Penal Code
Ann. §31.03 (E)(2)(A) Theft of Pro-
perty value >$50.00 < $500.00 Cause
No. 2012-709-C2 deadly weapon,
(12) to-wit: a Firearm or BB Handgun,
Bail $250,000.00 Judge Martin
Magistrate (Cruel) and (unusual)
"Excessive Bail." unlawful
restraint Pre-Trial. Eighth
and Fourteenth Amendment
Violation (8) (lack) of pro-
bable Cause. April 11, 2012
54th District Court of McLennan
County, Texas, (13) Grand Jury alleged

Page 3.

Page 3 of 23

On or about March 24, 2012 LOWELL QUINLEY GREEN did then and there while in the course of Committing theft of pro- perty and with intent to obtain or maintain Authority

(13) Texas Court of Criminal Appeals held (An indictment which wholly failed to allege that Petitioner had intent to obtain [and] maintain Control of the property, was insufficient to allege the offense of aggravated robbery, thus the indict- ment was void and the trial Court never had

Page 3. Please see other side

Page 4 OF 23

(jurisdiction) Ex parte Snelson, 601
S.W. 2d 358, 359 (Tex. Crim. App.
1980) the judgment of con-
viction of the offense of
aggravated robbery was set
aside and indictment dis-
missed.

(4.) Green v. State of Texas (illegal)
Life Sentence Cause no. 2012-709-C2,
May 15, 2013 (illegal) Appeal,
No. 04-13-00456CR Fourth Court
of Appeals San Antonio
February 19, 2014 (Treason)

(5.) Green v. State. (illegal)
PDR-No. 0343-14 (Tex. Crim. App.
June 11, 2014) COA 04-13-00456CR,
Cause no. 2012-709-C2 (Treason)
(Texas Court of Criminal Appeals)

Page 4.

(Dishonest government employee's),
Criminals Themselves, deceiving tax-
payers is Fraud and illegal ac-
ceptance of State Revenue pay-
checks (2012-709-12)/ DA No.
04-13-00456CR. PDR-0343-14,
WR-82,981-02 54th District Court
of McLennan County, Texas. Jan-
uary 02, 2015, Judge Matt Johnson,
District Attorney Abel Reyna,
Prosecutor Brandon Luce, Remos
Landon Ramsey, Alex J. Bell,
Sterling Harmon. 219 N. 6th Street
Suite 200 Waco, Texas. 76701 (Treason)

(16.) McLennan County Public Defenders
Ms. Henderson. Investigator Expert
Youngblood WR-82,981-02 Lead
Counsel Lawrence E. Johnson 801 Washington

Page 5. See other side.

# 400 Waco, Texas 76701 (Fraud),

17) (State Defense Mental Health Department, Dr. Baker, Dr. Marks and Dr. Carter) Treason. Medina v. California, 505 U.S. 437, 439 (1992) ("It is well established that the Due Process Clause of the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial"), Ex parte Halford, 536 S.W. 2d 230, 1976. Tex. Crim. App. LEXIS 944 (Tex. Crim. App. 1976, no writ) (Rule that trial court should conduct a sanity hearing whenever the evidence raises a bona fide doubt as to an accused's competence to stand trial was applied retroactively, entitling an inmate to

Page 6.

habeas Corpus relief under Tex. Code of Crim. Proc. Ann. art. 11.07,

## EXHAUSTION OF REMEDIES:

(18) Green v. Stephens, USDC NO. 6:15-cv-285 (W.D. Tex. Sept. 15, 2015) (Judge Walter S. Smith Jr, Jeffrey L. Manske, Robert L. Pitman) Texas Attorney General Ken Patton, Susan Francis San Miguel, (16-50522) 5th Cir. 2016 Prado, Reavely, and Graves (Treason) on the United States Constitution Thirteenth and Fourteenth Amendment, "Nor shall any state deprive any person of life, liberty, or property, without due process of law", U.S. Const. Amend XIV; nor deny to any person within its jurisdiction the equal pro-

tention of the laws.

(19.) Green v. State, 10-16-00438ZR) (Waco
Tenth Court of Appeals Jan.11,2017),
Cause no. 2012-709-C2. 54th Dist.
Court of McLennan County, Texas. The
jury verdict Aggravated Robbery
with a deadly weapon, to-wit:
a firearm or BB Handgun. Honorable
Matt Johnson tracked the language
of the flawed indictment,
(RR vol. 3. Page 168) the jury
guilty as charged by the
indictment. Finding on Deadly
Weapon: N/A (Acquittal) COA
No. 10-16-00438-ZR Chief Tom Gray,
Justice Rex D. Davis, and Justice
Al Scoggins, Final Mandate
May 08, 2017 Bars Further
Prosecution, see TEX. R. APP. P.
Page 9.

Page 10 of 23

43.2 (rc), 51.2(d). Greene v. Massey, 437 U.S. 19, 24-25, 98 S. Ct. 2151, 2154-55, 57 L. Ed. 2d 15 (1978); Burks v. United States, 437 U.S. 1, 16-18, 98 S.Ct. 2141, 2150-51, 57 L.Ed. 2d 1 (1978). TEX. PENAL CODE ANN. § 2.01 (Vernon 2003)("All persons are presumed to be innocence and no person may convicted of an offense unless each element of the offense is proved beyond a reason-able doubt").

20.) On May 01, 2012 "Waiver Of Arraign-ment" Defense Counsel Lawrence E. Johnson (Treason) Gideon v. Wainwright, 372 U.S. 334, 345 (1963)

Page 9. See other side

(Bond Indictment) (2012-709-22)

(121475(R)) (misdemeanor's) (omitted)

red truck, newport cigarettes, cash, beer, phone, key, Skinny's Convenience Store. Tex. Penal Code Ann. § 1.07 (a)(35) A Corporation can be the owner of property, Tex. Penal Code Ann. § 31.03 ~~(theft)~~

21.) The Grand Jury failed to alleged the property and value of the property in the indictment (5). Tex. Code of Crim. Proc. Ann. art. 27.08. A defect of substance, fundamentally defective indictment and information. and not alleging an offense against laws of Texas, it was insufficient to invoke the trial court jurisdiction and will not

Support to a conviction and
therefore the conviction is void.
See Standley v. State, 517 S.W. 2d
538 (1975) The value of the pro-
perty must be alleged in
the indictment. The State
failed to allege the value
of the station wagon
converted in the indictment,
rendered the indictment funda-
mentally defective. The Court
reversed and remanded
and ordered the pro-
secution dismissed.

22.) The essential elements of that
is that the property be taken
not only fraudulently but
without the consent of the
owner with the intent to
deprive the owner of the

page 11. see other side

Property to the benefit of the taker. In Wharton's Crim. Law (11th Ed.)Vol. 2. pg. 1311, Sec. 1091, It is said that the ~~commission~~ definition of larceny which omits without the ~~owners~~ consent of the owner is now universally conceded to be defective (Emphasis added).

23.) The state of Texas v. Lowell Quinney Green Cause no. 2012-70922 (Omitted) unlawfully appropriate and with intent to deprive the owner (had Traywick or the property with his effective consent intentionally [and] knowingly obtain [and] maintain control of the property. Tex. Penal Code Ann. § 29.02(a) Robbery.

Cause no. 2012-709-c2 (omitted) and
Lowell Quincy Green did then and there
intentionally [and] knowingly used
[and] exhibited a firearm [and]
BB Handgun, and caused serious
Bodily Injury to complainant
Chad Kraurwick. Tex. Penal Code Ann.
§ 29.03 (a)(2) (Double Jeopardy).

24. September 07, 2012 Lowell Quincy Green
Filed a Pro Se Motion To Substitute
Counsel. On September 12, 2012 Judge
Matt Johnson Denied without
a Hearing. Judge Matt Johnson Com-
mitted "Treason". He never had
Personal or Subject - matter - Jurisdiction,
Cause no. 2012-709-c2 (omitted)
the "Prior" Conviction(s) Tex. Penal
Code Ann. § 12.42 (d) (habitual) offender,
Rummel v. Estelle, 445 U.S. 263 (1980),

Page 13. see other side

Page 14 of 25

sentence to life imprisonment
under Texas recidivism statute.
Rummel's two prior offenses
were a 1964 felony for "fraudulent
use of a credit card to obtain
$ 80 worth of goods or services," and
a 1969 felony conviction for "passing
a forged check in the amount
of $ 28.36." His triggering offense
was a conviction for felony theft—
"obtaining $120.75 by false
pretenses."

(25). May 08, 2013. STATE'S SUBPOENA RETURNED
"UNEXECUTED" ON WACO POLICE OFFICER
"JOHN FINCH" 54th District Court of
McLennan County, Texas (Treason),
Gerstein v. Pugh. 420 U.S. 103 (1975)
      (lack of probable cause)

(26) May 13, 2012. THE STATE OF TEXAS v. LOWELL
QUINCY GREEN. CAUSE NO. 2012-709-22
    AGGRAVATED ROBBERY WITH A DEADLY

page 14.

Page 15 of 23

WEAPON: TO-WIT: A Firearm or BB-
Handgun. 54th District Court of
McLennan County, Texas. Judge Matt
Johnson, Prosecutor's Branden Lucy,
Landon Ramsey, Public Defender
Lawrence E. Johnson Cause no.
2012-709-C2 (1 C.R. at 6) illegal
jury trial (49) Venire panel
(VOIR DIRE) Double Jeopardy,
Tex. Rules App. P. R. 33.1 (N)(A) "Unless
the specific grounds were apparent
from the Content". Failure to
preserve error can amount to
ineffective assistance of Counsel.
Montez V. State, 824 S.W. 2d 308
(Tex. App-San Antonio 1992, no pet)
(failure to preserve voir dire error).
27,000): Green v. State. No. 04-13-
00456-CR (Tex. App-San Antonio
Feb. 19, 2014) (Treason) (10-16-00439-CR)
Page 15. See other side.

Ted. App- Waco Jan. 11, 2017) cause no.
2012-709-22 cause no. 12147561, May
13. 2013 (Voir Direr Structural error-
defect) Arizona V. Fulminante, 499
U.S. 279-310 (1991) (Reversal ~~with~~ auto-
matic).

2 ⑧) May 14, 2013. cause no. 2012-709-22
11 white Juror's Sally Martin
(Foreman) and 1 Black Female Juror
Ms. T. Mason, Baston V. kentucky, 476
U.S. 79, 96-98 (1986): Ford V.
Georgia, 498 U.S. 411, 422-23 (1991)
If a defendant fails to raise a
Baston Claim during jury selection,
the claim will be reviewed
only for plain error on appeal.
㉙ Lowell Quincy Green v. State of Texas,
No. 04-13-00456-CR (Appellate)
Counsel Stan Schwieger was
page 16.

ineffective assistance of counsel.
Eagle v. Lanaham, 279 F. 3d 926
(11th Cir. 2001)(Failure to raise
Boston issue on direct appeal
was ineffective assistance of
~~counsel~~ and prejudiced petitioner's
(case) 16-50022 (5th Cir. 2016
Green v. Stephen, USDC No. 6:15-cv-285)
(W.D.Fed. Sept. 15, 2016)

(30.) Green v. State, NO. 10-16-00438-CR
(Tenth Court of App-Waco Jan.11,2017.

(31.) Green v. Davis, USDC NO. 6:17-cv-295
(W.D.Fed. March 23, 2018)17-50973
(5th Cir. March 23, 2010) Judicial
Bias. (A biased judge is struc-
tural error requiring auto-
matic reversal)"the Great
Writ" of habeas Corpus.
"the most Celebrated writ
Page 17. See other side.

Page 18 of 23

in the English Law." 3 William
Blackstone, Commentaries at 129,
offer protection against "illegal
restraint or confinement."
Fay v. Noia, 372 U.S. 391, 401 (1962),
Habeas Corpus relief is based
on the principle "that in a
civilized society, government
must always be accountable
to the judiciary for a man's
imprisonment" if the imprison-
ment cannot be shown to
confirm with the fundamental
requirements of law, the
individual is entitled to his
immediate release." Id at 402.

32. Ex parte Green. WR-82 981-12
Cause no. 2012-709-22 District
Court Clerk Jan R. Gimble McLen

Page 18.

Page 19 of 23

Nan County 501 Washington Ave #300 Waco, Texas 76701 (2020)

Judge Matt Johnson, Public Defender Lawrence E. Johnson, Attorney, At Law 801 Washington Ave #400 Waco, Texas 76701 (DEAD) WR-82,981-14 (2012-709-22)

(33) WR-82,981-15 (2012-709-22) WR-82,981-16 (2012-709-22 2012-790-22, and 2012-791-22) Kimberly Bitterman BB-Handgun and Credit Card March 26, 2012 2408 Ethel Ave # A Waco, Texas 76707 W/F DoB: 09/09/1982 Social Security Number 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. May 14, 2013 1State witness Kimberly Bitterman was Sworn in under Oath to testify for the State of Texas against her ~~husband~~ Husband Defense Counsel:

Page 19. See other side.

Page 20 of 23

Lawrence E. Johnson: Objected Do Not
Let Kimberly Bitterman testify against
her husband Lowell Quincy Green
( RR Vol. 3. Page 8, 9) Prosecutor

Brandon Luce argued Kimberly
Bitterman is engaged to be
married to another man. (RR Vol.
3. Page 8, 9) Judge Matt Johnson
did not Let Kimberly Bitterman
testify ( RR Vol. 3. Page 8, 9) Double
Jeopardy attached. ~~WR82989~~

34) ~~WR82989~~ 2012-709-C2, 2012-790-C2, and 2012-
791-C2 April 18, 2012 Grand Jury
and Appointment of Public
Defender Lawrence E. Johnson

35) May 01, 2012 "Waiver of Arraignment"
Lawrence E. Johnson (Contempt)
Sept. 07, 2012 Pro Se Motion For
Substitute Counsel. On Sept.

Page 20.

12, 2012 Judge Matt Johnson Denied Without Hearing (Contempt) 18 USC 8401

36) October 22, 2012 Dr. Mark Court Ordered Incompetency Examination Preserved

37) October 23, 2012 Dr. Carter Court Ordered Insanity Examination Preserved

38) (WR-82,991-16) 2012-709-C2, 2012-790-C2, 2012-791-C2 (2021) Judge Matt Johnson, Court of Criminal Appeals. May 08, 2013. STATE'S SUBPOENA Returned "UNEXECUTED" (Contempt) May 13, 2013 Jury Trial Illegal and Un-authorized Judge Matt Johnson, Prosecutor(s) Brandon Luce, Landa Ramsay, Public Defender Lawrence E. Johnson, May 14, 2013 (illegal) Guilty Verdict based on Judge Matt Johnson (Jury Charge) Tracking the language of the

Page 21. See other side.

Page 22 of 23

void indictment(s) WR-82,981-16,

(39) May 15, 2013 (illegal) Life
Sentence. May 31, 2013. STATE'S
SUBPOENA NOT SERVED ON Detective
Kristina Woodruff (Treason)
WR-82,981-16 Prima Face Case.

(40. Exparte Green. WR-82,981-17
(2023) Denied without written
Orders Court Of Criminal Appeals
(Treason) The Post Mark Card
filed in the U.S. District
Court for the Western
District Of Texas San
Antonio Division 5:23-CV-109
(41) (Judge Olando L Garcia) said
Green Life sentence is void
(ELF NO 1) Green Seeks
$ 15, 000, 000, 00. 42 USC § 9613(g)(2)
Congress Mandate Collaters
page 22

Estoppel. 23-50430 (5th (all) case(s) alleged herein.

" Nor shall any State do prive any person of life, Liberty, or property, without due process of law". U.S. Const. Amend. XIV. Morrissey Brewer. 408 U.S. 471 (1972) the Parole Board may not revoke a parolee parole without affording him due process.

I, declare and verify under penalty of perjury that the foregoing information is true and correct. 28 USC §1746

Executed July 31, 2023. Lowell Q. Green
                    Lowell Q. Green # 518622

Page 23.